EDWARD REYNOLDS AND OTHERS,
vs.
MARGARETTA HOWARD AND EMILY HOWARD.

DECEMBER TERM, 1850.

[CHANCERY PRACTICE—INJUNCTION—EXTENT OF JURISDICTION OF THIS COURT.]

---

AN injunction to restrain proceedings at law for the collection of money due upon notes of hand, given to the vendors for the purchase-money of land, cannot issue without an injunction bond; and where the bill asks for such injunction upon the ground of credits claimed, the amount of such credits should appear, and the balance brought into Court, to be paid to the vendors.

Where such a bill was filed against two only of the five vendors, and the only ground of complaint is the refusal to allow such credits, it cannot be regarded as a bill for the specific performance of the contract of purchase, and the want of necessary parties would forbid the granting of such relief, even if the evidence showed the complainants entitled to it.

The amount of such credits claimed being less than five pounds, it is not sufficiently large to sustain the jurisdiction of this Court.

By the Act of 1715, ch. 41, this Court cannot hear, determine, or give relief in any cause, matter, or thing, wherein the original debt or damages does not amount to 1201 pounds of tobacco, or five pounds and one penny in money.

---

[The complainants in this case, in March, 1847, purchased

of the defendants, and three other parties, certain lands, and took a bond of conveyance therefor, signed by all the parties. They paid the purchase-money as it came due, excepting the last two notes for $300 each, due to the defendants respectively, which they refused to pay, upon the ground that certain taxes upon the lands, for the years 1845 and 1846, had not been paid by the defendants; and the present bill was filed for an injunction to restrain the defendants from proceeding at law to collect these notes. Upon this bill the Chancellor made the following remarks.]

THE CHANCELLOR:

An injunction cannot issue upon this bill without a bond. The opinion of the Court of Appeals, in the case of *Alexander* vs. *Ghiselin*, in 5 *Gill*, 188, establishes the rule in all such cases. The bill does not state how much will remain due after deducting the taxes, for which a credit is claimed. This should appear, and this balance ought to be brought into Court, to be paid to the defendants, the vendors of the land.

[An amended bill was then filed, setting forth the amount of the taxes for which a credit was claimed; and the amount of the notes, with interest, was paid into Court. An injunction was then granted, as prayed, upon the filing of a bond, and after answers, proof, and other proceedings, the case was set down for final hearing, when the Chancellor delivered the following opinion, in which the facts of the case are sufficiently stated.]

THE CHANCELLOR:

If this could, upon any fair construction of its statements, be regarded as a bill for the specific performance of the contract of purchase, mentioned in the bond of conveyance filed as an exhibit, there could, of course, be no doubt of the jurisdiction of this Court to grant that relief, and it would certainly be quite willing to do so, provided the facts and circumstances of the case made it proper.

But, according to my understanding, the bill cannot be regarded as one of that description, and, I am persuaded, was not originally so considered by the complainants' solicitor, or else he would have brought before the Court the parties necessary to enable it to dispense the relief proper to such a bill. The bond of conveyance which contains the evidence of the contract of sale, and which binds the obligees to convey the land upon the payment of the purchase-money, is signed by five parties, and yet but two of them are made parties to this bill. The Court, therefore, would not, even if the complainants had shown themselves entitled to such relief, be able, for the want of necessary parties, to grant it. A conveyance, of course, could not be decreed unless all the vendors were before the Court; and there can, I think, be little doubt they would have been brought here, if the complainants had framed their bill with a view to that relief. The only ground of complaint, presented by this bill, is the non-payment by the defendants, Margaretta Howard and Emily Howard, of their proportions of certain taxes, alleged to be liens upon the land; and the only relief sought by it is, that they shall be restrained by injunction from proceeding at law to enforce payment of the two last notes, given to each of them for the purchase-money, until the taxes are paid. It is true, there is a prayer for general relief; but neither the case made by the bill, nor the parties before the Court, will enable it to decree a specific performance of the contract of purchase. And the question, therefore, is whether the amount in controversy is sufficiently large to sustain the jurisdiction of this Court. Upon examining the evidence, I am of opinion it is not. The Act of 1715, ch. 41, declares, that this Court " shall not hear, determine, or give relief in any cause, matter, or thing, wherein the original debt, or damages, doth not amount to 1201 pounds of tobacco, or five pounds and one penny in money." In this case, the only matter in controversy is less than five pounds, as plainly appears from the extract from the assessment book of Baltimore County, which, by the agreement of the parties, is to be received as evidence of the matters therein contained. The

jurisdiction of the Court cannot, I think, be sustained, and the bill must be dismissed and the injunction dissolved. But I shall dismiss it without costs, because there are circumstances proved in the cause showing, I think, very clearly that there has been a want of that spirit of accommodation, and disposition to adjust this small matter amicably, which would have prevented all controversy, and because the complainants, in regard to the amount of the taxes, have been misled by the error or carelessness of the collector.

GEORGE H. WILLIAMS, for Complainants.
LEVIN GALE, for Defendant.